**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4270-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HANY ABRAHAM,

    Defendant-Appellant.

_____

> Submitted August 1, 2017 — Decided August 23, 2017
>
> Before Judges Hoffman and Currier.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6149.
>
> Hanny Abraham, appellant pro se.
>
> Grace H. Park, Acting Union County Prosecutor, attorney for respondent (N. Christine Mansour, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hany Abraham was convicted of impermissibly using a cell phone while operating a motor vehicle, N.J.S.A. 39:4-97.3, after a trial de novo in the Law Division. On appeal, defendant

argues we should overturn his conviction, claiming (1) the municipal judge had an improper ex parte communication with the municipal prosecutor, (2) the testifying officer said "Halloween came early this year" while the municipal trial was in recess, and (3) his car has Bluetooth capability. Defendant did not assert any of these claims or defenses in the municipal court. After reviewing the record and applicable law, we disagree with defendant's contentions and affirm the Law Division.

I.

At the municipal court trial, the State presented the testimony of Officer Daniel Kranz of the Fanwood Police Department. Officer Kranz testified that on July 10, 2015, he parked his patrol car behind a large sign in a parking lot "by the intersection of South Avenue and Martine." The sign blocked westward-traveling drivers from seeing his vehicle as they drove past him, so he could see whether they were using their cell phones "before they [had] a chance to put down their phone."

At around 1:22 p.m., Officer Kranz saw defendant drive by with "his [right] hand up to his ear [holding] a rectangular device unmistakable for a cell phone." Officer Kranz also observed that defendant "was moving his body in the way that you would be on a phone," but the cell phone blocked Officer Kranz from seeing defendant's mouth. Officer Kranz explained, "From my experience,

people who talk on their cell phones tend to move their entire head[,] and [defendant] displayed those characteristics."

After waiting "until there was a break in traffic," Officer Kranz stated, "I activated my lights, pulling over . . . defendant approximately half [a] mile down the road." Defendant told Officer Kranz that "he was talking to his wife on the phone." Defendant also "talked a little bit about some personal issues he ha[d] going on." Officer Kranz consequently issued defendant a summons for impermissibly using a cell phone while operating a motor vehicle.

At the beginning of his cross-examination of Officer Kranz, defendant stated he had seen a video of his car stopped, asserting this contradicted the officer's testimony that defendant's car was moving while he was using his phone. At that point, based upon Officer Kranz's direct testimony, the municipal court judge explained that the video was of the traffic stop and not from when Officer Kranz observed defendant driving while using his cell phone. Nevertheless, when defendant told the judge he wanted to have the video played, the judge went into recess to allow the State to retrieve the video, which the court played. As represented, the video only showed the traffic stop, and not the violation. The municipal court ultimately found Officer Kranz

credible and defendant guilty of impermissibly using a cell phone while operating a motor vehicle, N.J.S.A. 39:4-97.3.

On March 7, 2016, the Law Division held a trial de novo on the record of the municipal court. For the first time, defendant argued that his vehicle, a 2014 Corolla, "has a Blue Tooth capability." In addition, defendant also told the trial court that, while the municipal court was in recess, Officer Kranz said, "Halloween came early this year." The trial judge said she could not consider that because it was not in the transcript of the municipal court trial, and she added, "But I hear what you're saying. And you're upset and I get it. I do. I understand."

Defendant also alleged that during the recess to obtain the video, the municipal court judge left the courtroom and entered the same room as the prosecutor. He said they must have had an improper ex parte communication while they were in the room. The Law Division judge said, "[I]t seems completely unreasonable to me that the [j]udge and the [p]rosecutor would have had a discussion off the record about you when you could see where they went and you're sitting right in the courtroom." She further explained:

> I think it's speculation on your part. No
> offense. I hope you're not offended. But the
> [j]udge and the [p]rosecutor could have taken
> a break, especially the [j]udge to handle
> other matters; to use the restroom. And I'm

A-4270-15T4

not trying to be funny. It's just sometimes [j]udges take breaks for those reasons.

After reviewing the record and considering defendant's arguments, the trial court found Officer Kranz credible and defendant guilty of impermissibly using a cell phone while operating a motor vehicle, N.J.S.A. 39:4-97.3. Defendant now appeals.

## II.

Our standard of review is clear. When the Law Division conducts a trial de novo on the record developed in the municipal court, our appellate review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). "The Law Division judge was bound to give 'due, although not necessarily controlling, regard to the opportunity of a [municipal court judge] to judge the credibility of the witnesses.'" Ibid. (quoting State v. Johnson, 42 N.J. 146, 157 (1964)). "Our review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." Ibid.

Since the trial court is not in a position to judge the credibility of witnesses, it should defer to the credibility findings of the municipal court. Ibid. Furthermore, when the trial court agrees with the municipal court, we must consider the two-court rule. "Under the two-court rule, appellate courts

5

ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Locurto, supra, 157 N.J. at 474.

N.J.S.A. 39:4-97.3(a) states:

> The use of a wireless telephone or electronic communication device by an operator of a moving motor vehicle on a public road or highway shall be unlawful except when the telephone is a hands-free wireless telephone or the electronic communication device is used hands-free, provided that its placement does not interfere with the operation of federally required safety equipment and the operator exercises a high degree of caution in the operation of the motor vehicle.

In this case, both courts found Officer Kranz credible, and Officer Kranz testified he saw defendant driving and holding his cell phone up to his head and moving in a manner consistent with someone using a cell phone. This testimony clearly supports the finding that defendant violated N.J.S.A. 39:4-97.3. The record lacks any support for defendant's contention that he was using his cell phone in hands-free mode, utilizing the vehicle's Blue Tooth capability, when Officer Kranz observed him. Nor does the record support defendant's other two allegations regarding improper ex parte communications in the municipal court or improper comments attributed to Officer Kranz. We therefore affirm the trial court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4270-15T4